Jeremy G. Winter, SBN 245631
Justin K. Kuney, SBN 249283
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: (916) 550-5030
Facsimile: (916) 550-5323
info@attorneydebtreset.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HUY THANH VO

Plaintiff,

vs.

NELSON & KENNARD, US BANK NATIONAL ASSOCIATION, ND, AND DOES 1-10, INCLUSIVE;

Defendants.

**COMPLAINT**

JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.
2. This action arises out of Defendants', and each of their, repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the California RFDCPA, California Civil Code § 1788-1788.32 (hereinafter "RFDCPA"), and other pendant state law tort claims.

3. While many violations are described below with specificity, the Complaint alleges violations of the statutes cited in their entirety.
4. Plaintiff is informed, believes, and thereon alleges that Defendants, in violating various provisions of the FDCPA and RFDCPA, did not maintain procedures reasonably adapted to avoid any such violation.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here. Because Defendants do business in the State of California, personal jurisdiction is also established.

**PARTIES**

6. Plaintiff HUY THANH VO (hereinafter "Plaintiff") is a natural person who resides in the City of Elk Grove, County of Sacramento, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.
7. Plaintiff is informed and believes, and thereon alleges that Defendant NELSON & KENNARD (hereinafter "NK" or "Defendant"), is a Debt Collection law firm with a principal business address of 2180 Harvard Street, Ste. 160, Sacramento, CA 95815, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a "debt collector" as that term is defined by Cal. Civ. Code 1788.2(c).
8. Plaintiff is informed and believes, and thereon alleges that Defendant US BANK NATIONAL ASSOCIATION, ND, (Hereinafter "US Bank" or "Defendant"), is a corporation with a

principal business address of U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402, and is a debt collector as that term is defined by Cal. Civ. Code 1788.2(c). .

9. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

10. Unless otherwise indicated, the use of any defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

## FACTUAL ALLEGATIONS

11. Sometime before 2009 Plaintiff's brother, Khoa T. Vo, allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, an alleged obligation to Defendant US Bank, and said debt was later "charged off" and transferred or otherwise assigned/sold/consigned to Defendant NK for collection.

12. Because NK purportedly represents US Bank in the collection of this matter, US Bank may be held vicariously liable for all of NK's violations. *See Fox v. Citicorp Credit Serv., Inc.*, 15 F.3d 1507, 1516 (9th. Cir. 1994). Thus, to the extent NK can be held liable for any FDCPA,

RFDCPA, or other state law tort violations in connection with the collection of this debt, US Bank should be held vicariously liable.

13. In April of 2009, Defendant US Bank authorized, hired, or otherwise appointed Defendant NK to sue Plaintiff for this alleged debt in Sacramento Superior Court; Case No: 34-2009-00041262, naming as Defendant in this action: "Huy Thanh Vo, aka Khoa T. Vo". Defendant US Bank then took a default judgment against Plaintiff on or around August 17th of 2009.

14. Plaintiff was unaware that he had been sued since he was never served with a copy of the lawsuit, nor was he otherwise apprised of the suit or the default judgment entered against him.

15. The first Plaintiff learned of this judgment against him was when he was served with a notice of levy, in or around April of 2012.

16. Soon after Plaintiff learned of the judgment against him, he hired attorney Jeremy G. Winter, to investigate. Plaintiff was confused about why he was sued by Defendant US Bank in the first place since he did not owe Defendant US Bank any debt.

17. Attorney Winter contacted Defendant NK in the beginning of May, 2012 to inquire as to why NK had initiated a lawsuit against his client (and Plaintiff herein) on behalf of Defendant US Bank since his client never owed a debt to US Bank.

18. After researching the issue, Defendant NK admitted to Attorney Winter that it had wrongfully named Huy Thanh Vo as a Defendant in the state court lawsuit, and that according to it's records the only liable party was Huy's brother, Khoa T. Vo.

19. Based on Defendant NK's own admission, Plaintiff is informed, believes, and thereon alleges that Defendants had no reason to name him as a Defendant in the state court action since neither his name, nor his social security number appear in any document in Defendants debt collection

file, and as such Defendants acted either intentionally or recklessly when they named him as a defendant in the state court action.

20. As a result of being wrongfully sued, a judgment lien was recorded against Plaintiff's home residence in Elk Grove, CA, and his credit became negatively impacted, due to the reporting of a judgment against him.

21. In or around April 24th, 2012, Plaintiff applied for a refinance loan on a property he owned. At the time Plaintiff applied for this loan, the rates being offered to those with good credit were as low as 4%, however, Plaintiff was offered a much higher rate of 5.5% to refinance. Plaintiff was a little surprised that he did not qualify for the lowest rates available since he had always maintained a stellar credit rating. Soon after, Plaintiff learned that a judgment was being reported against his credit and realized the likely reason of the higher rate of interest loan offer was due to this judgment.

22. Plaintiff believes, is informed and thereon alleges that if this judgment was not being reported against his credit, he would have been offered a much lower rate of interest on his refinance application and he would have taken advantage of the lower rates of interest, thereby saving money.

23. Plaintiff hopes to reapply for the refinance as soon as he is able to completely clear his credit from this judgment.

24. On or around May 24, 2012, Attorney Winter corresponded with Defendant NK and demanded that NK together with it's client, Defendant US Bank, do whatever necessary to remove the judgment against Plaintiff Huy Thanh Vo and clear Huy's credit and his name.

25. Since Defendant NK had admitted that it had wrongfully sued Plaintiff, Plaintiff was optimistic that Defendants NK and US Bank would move quick and expeditiously in correcting it's mistake so as to not perpetuate the damage it was causing to his credit, name, and person.

26. Shockingly, this was not the case. After waiting almost 90 days, and having his attorney (Winter) follow up with Defendant NK on at least two separate occasions for status updates, Defendants still failed to take any corrective action to clear Plaintiff's name.

27. Plaintiff is informed, believes, and thereon alleges that Defendants—by failing to take corrective action to clear Plaintiff's name within a reasonable (almost 90 days) time, while knowing all this time that they had wrongfully taken a judgment against him—acted intentionally and with indifference to Plaintiff's well being, thereby perpetuating the damages caused to Plaintiff.

28. Plaintiff, seeing no other way to clear his name, and after waiting in vain for Defendants to take action, ultimately made the decision to employ attorney Winter to clear his name. This caused Plaintiff to incur additional and unnecessary attorney fees, expenses, stress and anxieties.

29. Plaintiff has worked hard all his life, and has always maintained stellar, even near perfect credit. And now, Plaintiff could hardly believe what was happening to him; it was almost as if he was living in the twilight zone. Defendants not only defamed him by their recordation of a false judgment against him in the public record, but they were now perpetuating his stress, worry, anxiety, and damage to his credit and reputation by failing to take action—even though they were aware of their mistake.

30. Thus, on August 20th, 2012, Plaintiff made a motion in the state court action (cited above) to have the judgment vacated against him. Defendant US Bank through it's attorneys Defendant NK, had the audacity to oppose said motion to vacate, requesting instead that the Court simply

allow US Bank to amend the pleadings and judgment, which amendment would propose to remove Plaintiff's (Huy Thanh Vo) name from the Court records.

31. To say the least, Plaintiff was not impressed with Defendant US Bank's overdue and self serving offer to amend the pleadings and judgment, and their opposition to Plaintiff's request to have the judgment vacated against him. Plaintiff believed that the only way to clear his name with the credit bureaus and the public record was to have an order from the Court vacating the judgment against him. Accordingly, Plaintiff was forced to spend additional monies on attorney fees responding to Defendant's opposition to ensure the Court would grant the appropriate relief, and completely vacate the judgment against Defendant.

32. Ultimately, the Court granted Plaintiff's motion to vacate the judgment against him, and Plaintiff is now in the process of trying to clear his name and credit from the damages caused by Defendants' actions—although Plaintiff will never be able to completely undo the damage caused to his credit and reputation.

33. Additionally some of the damage caused to Plaintiff by Defendants is ongoing: namely Plaintiff's relationship with his brother. This whole ordeal has caused Plaintiff and his family to undergo an extreme amount of stress, anxiety, worry, and apprehension. Plaintiff blames his brother for the emotional stress he has suffered and has lost a considerable amount of trust and respect for his brother and their relationship has suffered as a result.

**SUMMARY**

34. As a result of Defendants' actions in wrongfully suing Plaintiff for a debt that he did not owe, and causing a judgment to be recorded against him for a debt he did not owe, Defendants have defamed Plaintiff, participated in the malicious prosecution of Plaintiff, and violated 15 USC §

1692 d, e, e(2), e(8), f, & f(1). As a result of these numerous and multiple violations, Defendants have also violated Cal. Civ. Code 1788.17.

35. As a result of Defendants failure to take any corrective action within a reasonable time—upon learning of their wrongdoing—Defendants have defamed Plaintiff, participated in the malicious prosecution of Plaintiff, violated 15 USC § 1692 d, e, e(2), f, & f(1). As a result of these numerous and multiple violations, Defendants have also violated Cal. Civ. Code 1788.17.

36. As a result of Defendants above cited actions, Plaintiff has suffered from emotional distress including but not limited to anxiety, stress, worry, fear, and difficulty sleeping. Additionally, Plaintiff has suffered a damaged and perhaps irreparable relationship with his brother Khoa T. Vo, and has suffered damage to his credit and reputation.

**TRIAL BY JURY**

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury. *US Const. amend. 7. Fed. R. Civ. Pro. 38.*

**CAUSES OF ACTION**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 et seq.**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

40. Because Defendant NK acted on behalf of US Bank in it's collection of the debt against Plaintiff, Defendant US Bank should be held vicariously liable under the FDCPA and be subject to the same penalties and damages as Defendant NK.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to the following from each and every Defendant: any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT II**

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CALIFORNIA CIVIL CODE §§ 1788-1788.32**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

44. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to the following from each and every defendant: actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**COUNT III**

**NEGLIGENCE**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendants owed a duty to Plaintiff of general and ordinary care to prevent injury.

47. Defendants breached this duty when they wrongfully sued Plaintiff for a debt he didn't owe and caused a judgment to be entered against Plaintiff.

48. As a result of said lawsuit and judgment, Plaintiff has suffered and is entitled to an award of actual damages, compensatory damages, and possible punitive damages in an amount to be determined at trial from each and every Defendant.

**COUNT IV**

**LIBEL**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendants, by intentionally, recklessly, or negligently initiating a lawsuit against Plaintiff, causing a judgment to be entered against him for a debt he did not owe, have publicly made false and unprivileged statements against Plaintiff, which statements have caused Plaintiff damages.

51. As a result of said lawsuit and judgment, Plaintiff has suffered and is entitled to an award of actual damages, compensatory damages, and possible punitive damages in an amount to be determined at trial from each and every Defendant.

**COUNT V**

**MALICIOUS PROSECUTION**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendants sued Plaintiff for a debt he did not owe and caused a judgment to be entered against him.

54. This action was later vacated as to Plaintiff.

55. Defendants lacked probable cause or any credible evidence to initiate the former action against Plaintiff.

56. Defendants failure to take any corrective action within a reasonable time period to clear Plaintiff's name shows actual ill will, some improper purpose (express or implied) or indifference to Plaintiff.

57. Plaintiff is entitled to actual, compensatory damages, and possibly punitive damages from Defendants for willfully initiating and continuing a wrongful civil action against him and thereby inflicting anxiety, fear, and emotional distress on Plaintiff as more fully alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, and Plaintiff be awarded damages as follows:

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
- Such other and further relief as may be deemed just and proper.

**COUNT II**

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CALIFORNIA CIVIL CODE §§ 1788-1788.32**

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).
- An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).
- Such other and further relief as may be deemed just and proper.

**COUNT III**

**NEGLIGENCE**

- For an award of actual damages and compensatory damages against each and every Defendant for Plaintiff's damages in an amount to be determined at trial.
- For an award of punitive damages against Defendants in an effort to encourage and coerce Defendants to be less careless in initiating lawsuits against future consumers and to take prompt

and immediate corrective action when they realize they have sued the wrong consumer in future matters.

- Such other and further relief as may be deemed just and proper.

**COUNT IV**

**LIBEL**

- For an award of actual damages and compensatory against each and every Defendant for Plaintiff's damages in an amount to be determined at trial.
- For an award of punitive damages against Defendants in an effort to encourage and coerce Defendants to be less careless in initiating lawsuits against future consumers and to take prompt and immediate corrective action when they realize they have sued the wrong consumer in future matters.
- Such other and further relief as may be deemed just and proper.

**COUNT V**

**MALICIOUS PROSECUTION**

- For an award of actual damages and compensatory damages against each and every Defendant for Plaintiff's damages in an amount to be determined at trial.
- For an award of punitive damages against Defendants in an effort to encourage and coerce Defendants to be less careless in initiating lawsuits against future consumers and to take prompt and immediate corrective action when they realize they have sued the wrong consumer in future matters.
- Such other and further relief as may be deemed just and proper.

Respectfully submitted,

Attorney Debt Reset, Inc.

Date: October 8, 2012

/s/ Jeremy G. Winter
Jeremy G. Witner, Esq.
Attorney for Plaintiff

/s/ Justin K. Kuney
Justin K. Kuney, Esq.
Attorney for Plaintiff

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Huy Thanh Vo, under penalty of perjury declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Date: October 8, 2012

/s/ Huy Thanh Vo

Huy Thanh Vo/Plaintiff